IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Andres Galindo, individually and on behalf of all persons similarly situated as members of the Collective as permitted under the Fair Labor Standards Act;<br><br>Plaintiff,<br>vs.<br>STEVE PIPER & SONS, INC.,<br><br>Defendant | CASE NO 21 CV 1822<br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED<br>ON ALL COUNTS** |

## COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, Andres Galindo, individually and on behalf of all others similarly situated, as class representative, by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which he so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) and brings this cause of action against Defendant STEVE PIPER & SONS, INC. (Hereinafter referred to as "Piper" and in so doing states the following:

### NATURE OF THE ACTION

1. Plaintiff, Andres Galindo alleges individually and on behalf of himself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs

1

and those employees that are similarly situated to the Individual Plaintiffs) that he, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive minimum wage for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week.

2. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation.

3. Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA; state law and common law claims are brought as a conventional class action.

4. Plaintiff, in his class claims, requests injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendant obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

6. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

7. The Court is authorized to issue a declaratory judgment.

8. Venue is proper in this Court.

9. Defendant does business and is a resident of this District and Division of Federal Court.

10. Defendant conducts business in Illinois and other states, thereby engages in Commerce.

11. Plaintiff individually engaged in commerce by doing business of the Defendant in Illinois and other states.

12. Defendant sales exceeds $500,000 per year.

## FACTS REGARDING THE PLAINTIFF

13. Plaintiff, Andres Galindo, is a resident of the State of Illinois.

## PIPER CORPORATE FACTS

14. Defendant Piper is a corporation or business which does business in Illinois.

15. Defendant employs a staff of 20 full time employees.

## COLLECTIVE ACTION ALLEGATIONS

### The FLSA Collective Action

16. Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all

employees of Piper who were, are, or will be employed by PIPER during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and/or who were not compensated at the federal minimum wage rate of $7.25 per hour and/or were paid at an improper rate of pay for overtime hours.

17. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all employees employed by PIPER.

18. Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of PIPER who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## STATEMENT OF FACTS

**A.  PIPER policies and procedures and Compensation Practices fail to pay proper overtime rate of pay**

19. Plaintiff was employed by PIPER as an employee of the Defendant and Plaintiff worked beyond forty hours, but for which Defendants failed to pay overtime at the proper and correct rate of pay.

## **FAILURE TO PAY OVERTIME RATE OF PAY CORRECTLY**

20. Plaintiff worked as an hourly non-exempt employee.

21. Plaintiff was a long-time employee of Defendant, beginning to work for Defendant in 1993 and ending work in 2021 (28 years).

22. Plaintiff worked as a dedicated employee of Piper until Plaintiff had a worker's compensation injury.

23. Plaintiff was fired shortly after reporting his on-the-job work injury.

24. Plaintiff worked for Defendant as a laborer, doing various tasks, like tree cutting, operation of machinery, and cleaning.

25. Plaintiff was paid in a manner to avoid Defendant having to pay overtime wages at the proper rate of pay.

26. Plaintiff's rate of pay for hours of 40 or less was $31.20 per hour or $23.20 per hour.

27. However Plaintiff was not paid overtime hours at an overtime rate rather, Plaintiff was paid at a straight rate of pay.

28. Worse Plaintiff was not paid overtime hours at straight rate, rather was paid a "merit" payment for the overtime hours, and paid at a straight rate of pay.

29. For example, and only as an example, not to limit Plaintiff's claims, Plaintiff provides a specific example of overtime not paid, for a specific period of time.

30. For the pay period of 3/8/21-3/14/21 Plaintiff's paycheck reflects total hours of 40.0 and Plaintiff was paid for 40 hours at $31.20 per hour or total wages of $1248.00. However, Plaintiff was also paid a "merit" check in the amount of $230.00, for 7.37 hours of overtime hours at $31.20 per hour, thus Plaintiff is owed 7.37 hours of "half" time overtime wages.

31. Plaintiff claims, in the alternative, that Plaintiff was not paid any overtime hours, rather Defendant paid Plaintiff the "merit" payment as part of the wages for the first forty hours, which should be included in the calculation of the regular rate of pay.

32. In the alternative, Plaintiff was not paid any wages for his 7.37 hours of overtime worked this week (3/8/21-3/14/21), rather Plaintiff's merit check should be included in the 40 hours of overtime rate, or Plaintiff's overtime rate would be $1248+273 = $1521.00 divided by 40 hours or $38.03 per hour, and the unpaid 7.37 hours would be owed and due at a overtime rate of pay of $57.04 per hour or total overtime owed of $420.36 for owed overtime wages from this work week (not including penalties, interest and fees).

33. Plaintiff was paid in this manner for most of his working time with Defendant.

34. However, Plaintiff's "merit" payments were paid without any tax deductions taken from the checks.

35. Defendant's improper payment method of paying overtime (alternatively payment of additional straight time payments) via a "merit" check without taxes taken out resulted in Plaintiff having large tax penalties each year.

36. Plaintiff complained to his employer that the method of paying Plaintiff via these 1099 "merit" checks caused his large tax burden.

37. Plaintiff's complaints of the large tax burden led Defendant to reduce Plaintiff's pay rate to $23.20 per hour, and additional payments made to make up the difference in his agreed rate of pay of $31.20.

38. The proper method for determining the overtime rate of pay is by adding all the straight time and overtime hours, and dividing by the total paid wages.

39. The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

40. Plaintiff also suspects that additional violations are possible such as failure to pay for all work time, and/or shaving of work time, but due to the lack of hours being provided to Plaintiff, he is unable to provide more specifics of this claim.

41. Plaintiff also pleads failure to maintain proper and complete records as required by the FLSA and IMWL.

42. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

43. Defendant's consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly.

44. Plaintiff is paid on an hourly pay rate and is classified as "non-exempt" employee by Defendant.

45. Plaintiffs and the class employees were not paid the proper rate of overtime wages.

46. This is a FLSA violation because the Plaintiff works beyond forty (40) hours, thus Plaintiff is owed time-and-half of his <u>regular pay</u> for ALL hours beyond 40.

47. Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law and IWPCA.

### PIPER's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

48. PIPER required and permitted Plaintiff, and the FLSA Collective, to work more than 40 hours in a week. PIPER did not pay Plaintiff and the FLSA Collective the proper overtime rate for all of these overtime hours and/or minimum wage hours.

49. PIPER unlawful conduct has been uniform, widespread, repeated and consistent.

50. PIPER's willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

51. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

52. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

### FIRST CLAIM FOR RELIEF
### Individual Claim Against Defendant
### Under the Illinois Minimum Wage Law "IMWL"

8

53. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

54. Plaintiff was an employee of the Defendant pursuant to the IMWL.

55. Plaintiffs was employed by PIPER as an employee.

56. It is and was at all relevant times, a policy of PIPER to pay its employees at an improper overtime rate of pay and/or fail to pay all overtime hours at overtime rate of pay.

57. It is a policy, procedure and job requirement of Defendant PIPER its employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses

58. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

59. As a result of the foregoing, Plaintiff have been damaged in an amount to be determined at trial.

60. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

**On Behalf of Plaintiff and All Opt-In Employees
Against Defendant PIPER
As a Collective Action
(FLSA Claims, 29 U.S.C. § 201 et seq.)**

61. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

62. The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

63. The Collective claims include all employees which Defendant has failed to pay at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses and/or paid the incorrect overtime rate and/or failed to pay all overtime hours at an overtime rate of pay.

64. At all relevant times, Defendant PIPER has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

65. At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Class, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

66. At all relevant times, the work performed by retail employees including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendant were, and

continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

67. As a result of the Defendant willful failure to record or compensate its employees – including Plaintiff and members of the prospective FLSA Class – employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

68. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

69. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

70. Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

71. Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

72. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

73. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

74. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75. Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the IWML and the FLSA Collective, pray for the following relief:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to employees whom have been employed by the Defendant and as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the

nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

      B.      Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

      C.      Unpaid regular wages, and overtime wages pursuant to the IMWL, including treble damages and 5% penalties per month;

      D.      Compensation originating from PIPER company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

      E.      An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

      F.      Certification of this case as a Collective action;

      G.      Designation of the Plaintiff as representative of the Collective, and counsel of record as Collective;

      H.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

      I.      Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

      J.      Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

      K.      Consequential damages;

L. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

M. and costs of this action; and

N. Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: April 6, 2021

                                              Respectfully submitted,

                                              By:      -S-John C. Ireland
                                                          John C. Ireland

                                              Attorney for the Plaintiff and FLSA Collective

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
Facsimile 630-206-0889           attorneyireland@gmail.com